# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND SAROLI,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>AGUA CALIENTE BAND OF CAHUILLA INDIANS; et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-CV-1748 BEN (NLS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br>[Docket No. 4] |

　　　　Before the Court is Defendant Agua Caliente Band of Cahuilla Indians' ("Defendant's") motion to dismiss for lack of jurisdiction ("Motion"). (Docket No. 4.) For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

　　　　This action arises from an accident at Defendant's casino and resort ("Resort"). Plaintiff alleges that, on January 21, 2009, he was a guest of the Resort and noticed mechanical problems with the drain and lever of the jacuzzi tub in his room. (Compl., ¶¶ 7-8.) Plaintiff notified Defendant of the problem and Defendant set a maintenance crew to fix it. *Id.*, ¶ 9. After being notified that the problem was fixed, Plaintiff returned to the room and tried to use the tub. *Id.*, ¶¶ 10, 11. However, when Plaintiff attempted to turn on the water, the pressurized metal water spout broke off and struck Plaintiff in the head, knocking him to the wall and causing serious injury. *Id.*

1   According to Plaintiff, on February 18, 2009, Plaintiff submitted an "Incident Claim Form"
2   to Defendant. (Opp., 2; see also Compl., ¶¶ 5-6.) In September 2009, Plaintiff then sent a settlement
3   demand package with medical records, billing statements and other documents to Defendant. *Id.* In
4   December 2009, Plaintiff sent a follow-up letter demanding an informal mediation, and on June 14,
5   2010, Plaintiff contends he sent an unequivocal "Demand for Arbitration." *Id.* Plaintiff claims these
6   demand letters were largely ignored by Defendant until June 21, 2010, when Defendant notified
7   Plaintiff that his claim was denied on the grounds that Defendant was not negligent. *Id.* Defendant
8   also informed Plaintiff that the alleged accident was not covered by Defendant's arbitration ordinance,
9   as the incident did not occur while Plaintiff was engaged in gaming activities. *Id.*

10   As a result, on August 20, 2010, Plaintiff filed a Complaint in this Court, asserting claims for
11   premises liability, negligence and negligent hiring, training, supervision and retention. (Docket No.
12   1.) The Complaint also includes a demand for arbitration.

13   On September 21, 2010, Defendant filed the Motion currently before the Court. (Docket No.
14   4.) Plaintiff filed an opposition, and Defendant filed a reply. (Docket Nos. 5, 9.)

15   For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN**
16   **PART**.

17   <center>DISCUSSION</center>

18   Defendant's Motion is based on Federal Rule of Civil Procedure 12(b)(1) and is made on the
19   grounds that Defendant is a federally-recognized tribe entitled to sovereign immunity and Plaintiff has
20   failed to allege facts showing Defendant expressly waived such immunity. Although the Motion states
21   it also moves to dismiss under Rule 12(b)(2) based on lack of personal jurisdiction, the Motion fails
22   to include any argument or authority in support thereof. Therefore, the Court only addresses subject
23   matter jurisdiction under Rule 12(b)(1) herein.

24   **I. SOVEREIGN IMMUNITY**

25   "Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought
26   against a sovereign. Similarly, tribal immunity precludes subject matter jurisdiction in an action
27   against an Indian tribe." *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007).
28   "Suits against Indian tribes are ... barred by sovereign immunity absent a clear waiver by the tribe or

1  congressional abrogation." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498
2  U.S. 505, 509 (1991); *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1398 (9th Cir. 1993). A tribe's
3  sovereign immunity extends both to tribal governing bodies and to tribal agencies which act as an arm
4  of the tribe. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006).
5      In this case, it is undisputed that Defendant is a federally-recognized sovereign Indian tribe.
6  (Compl., ¶ 2.) Plaintiff also does not dispute that the alleged accident occurred while Defendant was
7  acting in its official capacity or as an arm of tribe. Accordingly, sovereign immunity applies unless
8  Plaintiff shows it has been expressly waived.

## II. WAIVER

10  Waiver of sovereign immunity by a tribe may not be implied and must be expressed
11  unequivocally. *Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996). "There is a strong
12  presumption against waiver of tribal sovereign immunity." *Demontiney v. United States*, 255 F.3d
13  801, 811 (9th Cir. 2001). Plaintiff argues Defendant waived its sovereign immunity when it entered
14  into a trilateral contract (known as the Amended Compact) with the State and the Federal Government
15  that allowed for lawful gambling on Defendant's tribal land.
16      Section 10.2(d) of the Amended Compact provides that Defendant consents to arbitrate
17  personal injury claims and that Defendant agrees to waive sovereign immunity "in any action brought
18  in federal court. . . to (1) enforce the parties' obligation to arbitrate, (2) confirm, correct, modify, or
19  vacate the arbitral award rendered in the arbitration, or (3) enforce or execute a judgment based upon
20  the award." (Compl., Ex. A at § 10.2(d)(ii).) The parties submit no other documents showing a waiver
21  of sovereign immunity. Based on the plain and express language of Section 10.2(d) above, the Court
22  finds that, at most, Defendant has agreed to a limited waiver of sovereign immunity for claims relating
23  to arbitration. The issue is now whether Plaintiff's claims fall under this waiver.
24      The enumerated claims in this case include claims for premises liability, negligence and
25  negligent hiring, training, supervision and retention. (Docket No. 1.) There is no enumerated claim
26  to compel arbitration. However, the Complaint includes allegations that an agreement to arbitrate
27  disputes exists and that the underlying dispute here falls within the scope of that agreement. (Compl.,
28  ¶¶ 5-6, p. 8.) Additionally, the prayer for relief includes a demand to compel arbitration. *Id.* These

1  allegations are sufficient to state a cause of action for arbitration. *Laswell v. AG Seal Beach, LLC*, —
2  Cal. Rptr. 3d—, 2010 WL 4457431, at *3 (Cal. App. 2 Dist. November 9, 2010); Chamberlin, 29
3  Causes of Action 231, § 3 (September 2010); *see also San Bernardino Pub. Employees Ass'n v. Stout*,
4  946 F. Supp. 790, 804 (C.D. Cal. 1996) ("... a complaint is sufficient if it is specific enough to apprise
5  the defendant of the substance of the claim asserted against him or her.")

6      Defendant contends the allegations are insufficient because Plaintiff fails to cite federal law
7  that enables this Court to compel arbitration. This argument lacks merit, as Plaintiff invokes the
8  Court's subject matter jurisdiction based on diversity jurisdiction, not federal question jurisdiction.
9  (Docket No. 1.) *Am. Vantage Co., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091 (9th Cir. 2002)
10 is inapposite as that case did not address whether an Indian tribe was a foreign alien for purposes of
11 28 U.S.C. § 1332(a)(2).

12     In light of the above, the Court finds jurisdiction exists over Plaintiff's claim to enforce his
13 right to arbitration, but not over Plaintiff's enumerated, negligence-based claims. Accordingly, the
14 Court **GRANTS** Defendant's Motion as it relates to Plaintiff's claims for premises liability, negligence
15 and negligent hiring, training, supervision and retention, but **DENIES** the Motion as it relates to
16 Plaintiff's claim to compel arbitration.

17 <center>**CONCLUSION**</center>

18     For the reasons stated above, Defendant's motion to dismiss is **GRANTED IN PART AND**
19 **DENIED IN PART**.
20 **IT IS SO ORDERED.**
21 Date: November /5, 2010

                                                     Hon. Roger T. Benitez
                                                     United States District Court Judge